**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JEFFREY WILEY,  :
  :
    Plaintiff,  :
  :
v.  : CIVIL ACTION NO.
  : 1:14-CV-01508-RWS
U.S. NATIONAL BANK  :
ASSOCIATION as Indenture of  :
the HomeBanc Mortgage Trust  :
2005 and JP MORGAN CHASE  :
BANK,  :
  :
    Defendants.  :

## **ORDER**

This case comes before the Court on Defendant U.S. National Bank Association's Motion to Dismiss [3]. After reviewing the record, the Court enters the following Order.

### **Background**

Plaintiff Jeffrey Wiley initiated this action in Cherokee County Superior Court on January 6, 2014. Plaintiff asks the Court to set aside a foreclosure sale on the grounds of wrongful foreclosure and breach of contract. (Compl., Dkt. [1-1].) Plaintiff purchased real property located at 302 Eagle Crest Court, Cumming, Georgia 30028 ("the Property") on December 10, 2004. (Id. at ¶ 14.)

That same day, Plaintiff obtained a mortgage loan from HomeBanc Mortgage Corporation in the principal amount of $359,250.00. (Security Deed, Dkt. [3-2].)[1] Contemporaneously, Plaintiff executed a Security Deed concerning the Property in favor of HomeBanc to secure repayment of the loan. (Id.) The Security Deed was then recorded in the Cherokee County real property records. (Id.) HomeBanc subsequently assigned the Security Deed to Mortgage Electronic Registration Systems, Inc. ("MERS") on December 6, 2007. (First Assignment, Dkt. [3-3].) In November 2009, MERS assigned all of its rights, title, and interest in the Security Deed to U.S. Bank. (Second Assignment, Dkt. [3-3].) Both Assignments were duly recorded in the Cherokee County real property records. (Def.'s Mot. to Dismiss, Dkt, [3-1] at 4-5.)

In late 2010, U.S. Bank initiated non-judicial foreclosure proceedings resulting in a foreclosure sale on December 7, 2010. (Compl., Dkt. [1] at ¶ 19.) Before the foreclosure sale, on November 10, 2010, U.S. Bank sent a foreclosure notice addressed to Plaintiff. (Notice of Foreclosure, Dkt. [3-6].)

---

[1] The Court may take judicial notice of public records without converting the instant motion into a motion for summary judgment. Universal Express, Inc. v. SEC, 177 F. App'x 52, 53 (11th Cir. 2006) (stating that "[p]ublic records are among the permissible facts" of which a court may take judicial notice).

2

The notice informed Plaintiff when the foreclosure sale would take place if he failed to cure his default. (Id.) The notice also included contact information of the entity with authority to negotiate, amend, and modify all terms of the mortgage. (Id.)

Claiming wrongful foreclosure and breach of contract, Plaintiff filed the current action in Cherokee County Superior Court on January 6, 2014. (Compl., Dkt. [1].) Plaintiff stakes his claims on two grounds. First, Plaintiff alleges he did not receive proper notice of the foreclosure, and second, that because Defendant accepted some payments made by Plaintiff toward the debt, he was confused as to the default status of his loan. (Id. at ¶¶ 18, 21.) Defendant removed this action and now moves for dismissal of all claims.

## Discussion

### I. Legal Standard - Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678

3

AO 72A
(Rev.8/82)

(2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set forth in the complaint. See Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

**II. Analysis**

A. Wrongful Foreclosure

Plaintiff contends Defendant wrongfully foreclosed on his Property. To state a claim for wrongful foreclosure a plaintiff must "establish a legal duty

4

owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Racette v. Bank of Am., N.A., 733 S.E.2d 457, 462 (Ga. Ct. App. 2012). "Where a foreclosing party breaches his statutory duty to exercise the power of sale fairly and in good faith, the debtor may sue for damages for wrongful foreclosure." Id. (citing Calhoun First Nat. Bank v. Dickens, 443 S.E.2d 837, 838 (Ga. 1994)).

First, Plaintiff claims he did not receive proper notice before the foreclosure sale. (Compl., Dkt. [1-1] ¶ 2.) Plaintiff does not allege any other facts; he only alleges that he did not receive notice and so was given no meaningful opportunity to cure default. (Id. ¶¶ 18, 28.) However, Plaintiff does not allege that Defendants failed to send notice. For their part, Defendants maintain that they sent Plaintiff notice and complied with Georgia's notice requirements.

Foreclosure notice requirements are governed by O.C.G.A. § 44-14-162.2. Section 44-14-162.2 reads:

> Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the

5

date of the proposed foreclosure. Such notice shall be in writing, shall include the name, address, and telephone number of *the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage* with the debtor . . . .

(emphasis added). The Georgia Supreme Court addressed § 44-14-162.2's requirements in You v. JP Morgan Chase Bank, 743 S.E.2d 428 (Ga. 2013). According to the state court, the statute requires only that the entity with full authority to negotiate, amend, and modify the mortgage be identified. Id. at 433. It elaborated:

> If that individual or entity is the holder of the security deed, then the deed holder must be identified in the notice; if that individual or entity is the note holder, then the note holder must be identified. If that individual or entity is someone other than the deed holder or the note holder, such as an attorney or servicing agent, then that person or entity must be identified. The statute requires no more and no less.

Id. at 433-34.

Defendants sent an initial notice of the foreclosure sale on November 2, 2010, and a more detailed notice of foreclosure on November 4, 2010. The notice included the date of the foreclosure sale, the contact information for the person with authority to negotiate and amend Plaintiff's loan, and a copy of the

6

notice of sale submitted to the local legal publisher.[2] (Notice of Foreclosure, Dkt. [3-6].) Therefore, the Notice of Foreclosure attached to Defendant's motion meets the requirements of O.C.G.A. § 14-44-162.2.

Furthermore, Defendants complied with the Security Deed's notice requirements. The Security Deed requires the creditor to inform the borrower of the default before any acceleration of the debt, and to inform the borrower of any action required to cure default. (Security Deed, Dkt. [3-2] at ¶ 22.) If the borrower fails to cure the default in 30 days, the creditor may accelerate the debt and invoke the power of sale. (Id.) The notice complied with these terms.

Additionally, the Georgia Supreme Court has made clear that where the secured creditor mails a foreclosure notice correctly addressed to the mortgagor in accordance with O.C.G.A. § 14-44-162.2, "the actual receipt (or want of

---

[2] The Notice of Foreclosure can be considered in ruling on Defendant's Motion to Dismiss because Plaintiff refers to the document in his Complaint, the document is central to his claims, Plaintiff does not dispute its contents, and Defendant has attached it to the instant Motion to Dismiss. See Fin. Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1284 (11th Cir. 2007) (citing Harris v. Ivax Corp., 182 F.3d 799, 802 n.3 (11th Cir. 1999) ("Ordinarily we do not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss. The court recognizes an exception, however, in cases in which a plaintiff refers to a document in its complaint, the document is central to its claim, Plaintiff does not dispute its contents, and the defendant attaches the document to its motion to dismiss.")).

receipt) by the grantor of the notice of sale under power is immaterial to the right of the grantee toسale under power." McCollum v. Pope, 411 S.E.2d 874, 874 (Ga. 1992); see also O.C.G.A. § 14-44-162.2(a) ("The notice . . . shall be deemed given on the official postmark day . . . ."). Therefore, even if Plaintiff did not receive the foreclosure notice, Georgia law holds that he may not succeed on a wrongful foreclosure action as long as proper notice was mailed. Because notice was proper and Plaintiff has not alleged that Defendants failed to mail notice, Plaintiff's claim based on improper notice fails.

Second, Plaintiff alleges the foreclosure was wrongful because "Defendants accepted Mortgage Payments up until the date of Foreclosure and beyond as well as holding over Thirty Thousand Dollars of Plaintiff[']s money creating further confusion regarding any alleged default." (Compl., Dkt. [1] at 2.) Nowhere in the complaint, however, does Plaintiff claim he was not in fact in default on his loan. Instead, as stated above, he claims Defendants breached their duty by failing to "provide Plaintiff a meaningful opportunity and notice to cure their default." (Compl., Dkt. [1] at ¶ 28.) "Under Georgia law, a debtor who executes a security deed and defaults on a loan cannot enjoin foreclosure, or otherwise obtain equitable relief to cancel the deed, unless the debtor has first

8

paid or tendered the amount due on the loan." Edward v. BAC Home Loans Servicing, L.P., 534 F. App'x 888, 892 (11th Cir. 2013) (citing Taylor, Bean & Whitaker Mortg. Corp. v. Brown, 583 S.E.2d 844, 846 (Ga. 2003)). A proper tender of the loan "must be certain and unconditional, and be in full payment of the specific debt." Id. Here, Plaintiff does not allege that he tendered the entire amount due under the note, so he cannot claim wrongful foreclosure even though he made some payments after going into default. See Jordan v. CitiMortgage, Inc., No. 1:11–cv–565–WSD, 2014 WL 695211, at *5-6 (N.D. Ga. Feb. 24, 2014) (holding that payments not amounting to full debt owed do not prevent creditor from exercising power of sale as described in a security deed).

### B. Breach of Contract

Plaintiff also alleges Defendants breached their contract with Plaintiff by wrongfully foreclosing on his home. (Compl., Dkt. [1] at ¶¶ 35-36.) Plaintiff does not specify which contractual provisions were breached or what harm Plaintiff suffered as a result. Under Georgia law, a plaintiff may only recover damages for breach of contract by demonstrating (1) plaintiff's performance of the contract, (2) defendant's breach of the contract and (3) the breach caused the

9

plaintiff harm. Jones v. Cent. Builders Supply Co., 121 S.E.2d 633, 638 (Ga. 1961). Here, Plaintiff has failed to allege facts showing that Defendants breached the terms of the Security Deed. Plaintiff only makes conclusory allegations that Defendants owed him duties under the Security Deed, which they breached. Furthermore, the breach of contract claim appears to be predicated on Plaintiff's unsuccessful wrongful foreclosure claim. Accordingly, Plaintiff's breach of contract claim is due to be dismissed.

## Conclusion

In accordance with the foregoing, Defendant U.S. Bank's Motion to Dismiss [3] is **GRANTED**. There is no indication in the record that JP Morgan Chase Bank has ever been served in this action. Therefore, JP Morgan Chase Bank is hereby **DISMISSED** from this action pursuant to Federal Rule of Civil Procedure 4(m). The Clerk shall close the case.

**SO ORDERED**, this __3rd__ day of October, 2014.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)